UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLIVER GRIGSBY, et al., | CASE NO. C12-0553JLR |
| Plaintiffs, | ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | |
| VALVE CORPORATION, | |
| Defendant. | |

This matter comes before the court on Defendant Valve Corporation's ("Valve") Federal Rule of Civil Procedure 12(b)(6) motion challenging the adequacy of pleadings in this action. The plaintiffs are Oliver Grigsby and a putative class of video game purchasers who use Valve's video game distribution service "Steam." (Compl. (Dkt. # 1) ¶ 1.) Plaintiffs seek to recover damages from Valve for a hacking incident in which a third party breached Valve's internet security system and accessed Steam users' personal account information. (Id. ¶ 5.) In this motion, Valve argues that Plaintiffs do not adequately plead damages resulting from the incident. (Mot. (Dkt. # 35) at 2.) The court

ORDER- 1

agrees, applying the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, the court GRANTS Valve's motion and DISMISSES the complaint with leave to amend within 30 days (Dkt. # 35).

## I. FACTUAL BACKGROUND

Valve is a Bellevue-based corporation that develops entertainment software and operates Steam, an online video game distribution platform with over 35 million users worldwide. (Compl. ¶¶ 1-3.) Valve was made famous in 1998 by the highly successful video game *Half Life*. (*Id.* ¶ 12.) Today, one of Valve's most important products is Steam. (*Id.* ¶ 13.) Steam is a free online platform that allows users to purchase games and other software after creating a Steam account. (*Id.*) Steam also has community features such as chat and multiplayer online game play. (*Id.*)

Steam was hacked by unknown parties on November 6, 2011, precipitating this lawsuit. (*Id.* ¶ 18.) Hackers allegedly gained access to Steam users' account information, including "billing addresses, passwords, online handles/IDs, and related credit and/or debit card information." (*Id.* ¶¶ 15, 18, 19.) This caused Plaintiff Oliver Grigsby to file this lawsuit against Valve on behalf of a putative class of Steam users alleging that Valve failed to take reasonable security measures to protect their information. (*See generally id.* ¶¶ 1-6.) Mr. Grisby originally filed in the Central District of California where he resides, (*id.* ¶¶ 8-9), but that court transferred the case to the Western District of Washington pursuant to a forum selection clause in the Steam user agreement. (*See* Minutes (Dkt. # 21).)

## II. ANALYSIS

Valve filed this 12(b)(6) motion several months after the case was transferred from California, arguing principally that Plaintiffs have not adequately pleaded harm for their various causes of action. (*See generally* Mot.) Thus, the foremost question the court must answer is: were Plaintiffs harmed by the hacking incident in a way that is cognizable under the law? After reviewing the complaint and examining the relevant law, the court finds that Plaintiffs have not adequately pleaded harm. Accordingly, and for the reasons explained below, the court dismisses the complaint with leave to amend within 30 days.

### A. All of Plaintiffs' Causes of Action Require Proof of Harm

As a starting point, the court notes that all of Mr. Gribsby's causes of action require proof of some form of harm, damages, or injury. Mr. Grigsby brings six separate causes of action against Valve based on the hacking incident.[1] They are: (1) Violation of the California Consumers Legal Remedies Act; (2) Violation of the California Unfair Business Practices Act; (3) Violation of the California False Advertising Act; (4) Breach of Express Warranty; (5) Breach of Implied Warranty and California's Song-Beverly Consumer Warranty Act; and (6) Negligence. (Compl. ¶¶ 44-111.) Each one of these causes of action requires proof of harm or damages in one form or another. Cal. Civ.

---

[1] Mr. Grigsby appears to assume that California law applies to this case despite the fact that Steam's subscriber agreement says "any dispute arising [under this agreement] shall be resolved in accordance with the law of Washington." (Decl. of John Cook (Dkt. # 6) at 15.) For purposes of this motion, the court agrees with Valve that it does not matter whether California or Washington law applies since the same result would follow under either. (*See* Mot. at 5 n.2).

ORDER- 3

Code § 1780 (California Consumer Legal Remedies Act); *Arias v. Superior Court*, 209 P.3d 923, 928 (Cal. 2009) (California false advertising & unfair business practices); *Krottner v. Starbucks Corp.*, No. C09-0216, 2009 WL 7382290, at *7 (W.D. Wash. 2009) (breach of warranty claims); Cal. Civ. Code § 1791.1(d) (California Song-Beverly Warranty Act); *Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 913-14 (N.D. Cal. 2009) (negligence).

To meet the requirement of harm or damages, Plaintiffs' complaint alleges two different kinds of harm, each of which the court analyzes separately: first, future harm that may occur at some unspecified time in the future, and second, present harm that has already occurred.[2]

**B.      Plaintiffs' Allegations of Future Harm Are Not Cognizable Under the Law**

Under settled law, Plaintiffs' allegations of future harm are not adequate to support their causes of action. Many courts have already wrestled with how to assess damages in an action based on hacking and compromised personal information. *See Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 639-40 (7th Cir. 2007) (discussing cases). These cases appear to be fairly common in the federal courts. *See id.* Almost universally, courts have found that certain commonly-argued categories of hacking damages are not cognizable. *See id.*; *see also, e.g., Ruiz*, 622 F. Supp. 2d at 913-16

---

[2] In addition, Plaintiffs make a number of conclusory allegations of harm, such as "Plaintiff and class members have been harmed," (Compl. ¶ 22), "Defendant's conduct caused and continues to cause injury to Plaintiff and other Class Members," (Compl. ¶ 72), and "Plaintiff and Class Members have been damaged in an amount to be proven at trial," (Compl. ¶ 93). But on a Rule 12(b)(6) motion, the court is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Twombley*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

(discussing cases). For example, federal courts routinely dismiss actions in which the only damages a plaintiff alleges are increased risk of identity theft and money spent monitoring credit and attempting to prevent identity theft. *See, e.g.*, *Ruiz*, 622 F. Supp. 2d at 913-16 (rejecting liability in the absence of some allegation of actual identity theft). In short, when personal information is compromised due to a security breach, there is no cognizable harm absent actual fraud or identity theft. *Id.*

Applying these principles, the court concludes that Plaintiffs' allegations of future harm do not allege cognizable damages. Plaintiffs allege merely that they may suffer harm in the future and that they may need to spend money to "protect their privacy":

> Plaintiff and Class Members will continue to suffer damages and injuries including potential fraudulent activity . . . including having various services and subscriptions interrupted, loss of data, personal and financial information, an inability to access various gaming networks, potential credit fraud, and time, effort, and money spent to protect their privacy, identities, and financial information.

(Compl. ¶ 22.) These allegations fall precisely within the categories of harm that nearly all courts facing these issues have held do not state a claim for damages. *E.g.*, *Pisciotta*, 499 F.3d at 639-40; *Ruiz*, 622 F.Supp.2d at 913-16. Accordingly, they do not sufficiently plead harm.

**C.   Plaintiffs' Allegations of Present Harm Are Not Adequately Pleaded**

Plaintiffs also claim that some of their allegations of future harm allege present harm as well: (1) loss of access to services and gaming networks, (2) loss of data, and (3) loss of the benefit of their bargain with Valve. (*See* Compl. ¶¶ 22, 93, 102.) Present harm does not present the same unique legal issues as future harm in the hacking context,

ORDER- 5

so rather than look to hacking cases, which rarely discuss present harm, the court turns to general principles of pleading—specifically, to the pleading standards recently set forth by the Supreme Court in *Twombly* and *Iqbal*.

1. Pleading Standard Under *Twombly* and *Iqbal*

Both before and after *Twombly* and *Iqbal*, the most basic federal pleading requirement has long been that every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a)(2). The purpose of this rule is to "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). But Rule 8(a)(2), like many rules, leaves important questions unanswered. Specifically, what kind of "showing" is necessary to demonstrate that the pleader is entitled to relief?

Before *Twombly*, pleading standards were relatively liberal. Plaintiffs were required to show only that they would "conceivably" be entitled to relief if all allegations in the complaint were taken as true. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (holding that a Rule 12(b)(6) motion should be denied unless it appeared "beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief")). In other words, pleading was sufficient if it appeared possible from the face of the complaint that the plaintiff *might* be entitled to relief. *Id.*

In *Twombly* and *Iqbal*, the Supreme Court established a more stringent pleading standard. 550 U.S. at 562-63. Under those cases, it is not enough that a claim to relief be merely "possible" or "conceivable." Instead, a claim to relief must be "plausible on its

face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court elaborated: a claim for relief is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). As the Court said in *Iqbal*, this standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To cross the line from conceivability to plausibility, a complaint must contain a sufficient quantum of "factual matter" alleged with a sufficient level of specificity to raise entitlement to relief above the speculative level. *Twombly*, 550 U.S. at 555.

In this inquiry, two considerations are particularly relevant. First, context matters. *Iqbal*, 556 U.S. at 678-79 (describing the inquiry as "context-specific"). A complex, large-scale case such as a class action should naturally have a higher plausibility threshold than a simpler case. *See Twombly*, 550 U.S. at 557-58. This is because denying a 12(b)(6) motion opens the door to discovery, and in some cases discovery could be very costly for the defendant. As the court said in *Iqbal*, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. at 678-79. Thus, certain cases merit a higher plausibility threshold.

Second, a certain level of factual specificity is required. The court is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As the Supreme Court said in *Iqbal*, a complaint must

do more than tender "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

2. *Twombly and Iqbal Applied to This Case*

Here, Plaintiffs fail to allege sufficient factual matter to make their claim of present harm plausible. The court reaches this conclusion after considering both the context of this lawsuit and the lack of specificity of Plaintiffs' allegations.

With regard to context, this is a class action which may require voluminous and costly e-discovery. (*See* Compl. at 2.) Defending this action will require substantial expense and effort by Valve even if discovery ultimately reveals there are no damages whatsoever. *See Ojo v. Farmers Grp. Inc.*, 565 F.3d 1175, 1195 (9th Cir. 2009) (Bea, J., dissenting) ("Class action litigation is too expensive to allow a plaintiff to engage in discovery unless and until the plaintiff can at least in good faith allege the defendant has done something prohibited by law."). In light of this, Plaintiffs' complaint must rise to a higher plausibility threshold than it would if it were a garden-variety tort claim or a claim brought by Mr. Grigsby alone. *See Twombly*, 550 U.S. at 557-58.

Plaintiffs fall well short of this threshold because their allegations are conclusory and lack any specificity. The only present harm Plaintiffs allege is that they had "various services and subscriptions interrupted, loss of data, . . . an inability to access various gaming networks" and that they somehow lost "the monies paid to Defendant for products and services which do not conform to the express warranties made by Defendant." (Compl. ¶¶ 22, 93, 102). They say nothing about which services were interrupted, which subscriptions or gaming networks they were unable to access, what

data they "lost," how their data could have been "lost" in this situation, or how they may have lost money by subscribing to Steam, which is free. (*See id.*) Plaintiffs present nothing more than "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). These alleged harms may ultimately be sufficient to plead damages, but at the present time this small handful of conclusory statements fails the standard set forth in *Twombly* and *Iqbal* because it does not "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests'" and does not raise entitlement to relief above the speculative level. *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs do not get the benefit of class action discovery merely by couching legal conclusions as factual allegations and providing no specificity to show that these allegations are plausible.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion and DISMISSES the complaint with leave to amend within 30 days. At this time, the court declines to address any of the other issues raised by the parties.

Dated this 14th day of November, 2012.

JAMES L. ROBART
United States District Judge